WOOLUM, Appellee,

v.

WOOLUM, Appellant.

[Cite as *Woolum v. Woolum* (1999), 131 Ohio App.3d 818.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA98–07–010.

Decided Feb. 1, 1999.

*F. Harrison Green,* for appellee.

*James W. Thomas,* for appellant.

WALSH, Judge.

Appellant, Randy Woolum, appeals the decision of the Preble County Court of Common Pleas, which granted a petition by appellee, Bonnie Woolum, seeking renewal of a civil protection order against appellant. On appeal, appellant sets forth two assignments of error:

"Assignment of Error No. 1:

"The trial court committed reversible error when it issued a civil protection order after it made a specific finding that the appellant (respondent) committed no act of domestic violence."

"Assignment of Error No. 2:

"The trial court abused its discretion by issuing a renewal civil protection order that is significantly more prohibitive than the original order."

On May 28, 1996, the trial court granted appellee's initial request for a civil protection order pursuant to R.C. 3113.31. In support of this order the court found domestic violence because appellant placed appellee "in fear of imminent serious physical harm," and the court concluded "that relief should be granted in order to prevent irreparable harm." Two years later, on May 28, 1998, the order expired pursuant to R.C. 3113.31(E)(3)(a) as it then existed.[1]

At this point, appellee filed a petition to renew the civil protection order under R.C. 3113.31(E)(3)(c), which states that a civil protection order "may be renewed in the same manner as the original order * * * was issued or approved." On June 19, 1998, the trial court issued an *ex parte* civil protection order. A hearing was held on July 8, 1998, at which appellee, appellant, and appellant's counsel were present. The trial court found no "new" evidence of domestic violence; however, the court renewed the civil protection order pursuant to R.C. 3113.31(E)(3)(c).

When a petitioner is seeking a civil protection order pursuant to R.C. 3113.31, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus. The decision whether to grant a civil protection order is within the sound discretion of the trial court. *Moman v. Smith* (Oct. 14, 1996), Clermont App. No. CA96–05–047, unreported, at 6, 1996 WL 586771, citing *Deacon v. Landers* (1990), 68 Ohio App.3d 26, 31, 587 N.E.2d 395, 399. Therefore, this court, in reviewing the trial court's decision, may not reverse that decision absent an abuse of discretion. *Moman* at 6, citing *O'Hara v. Dials* (Feb. 2, 1996), Erie App. No. E–95–044, unreported, at 7, 1996 WL 38810. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

---

1. R.C. 3113.31(E)(3)(a) has since been revised, extending the time limit from two years to five years.

■ Under his first assignment of error, appellant argues that a civil protection order should be based on a present danger of domestic violence. In essence, appellant argues that there must be new evidence of domestic violence to support the renewal of the civil protection order, not merely that evidence which supported the original order.

In this case, appellee testified that since the prior civil protection order had expired, appellant had "threatened to make my life miserable," and to "kidnap my children." Appellee further testified that "[t]here was no physical abuse. He just acted in a threatening manner, which scared me. * * * I just don't feel safe around him." Based upon this testimony, the court found that "the evidence was insufficient to establish that [appellant] had committed an act of domestic violence subsequent to the termination of the previous civil protection order." Despite this fact, the court renewed the prior order, finding that the language of R.C. 3113.31 did not preclude the court from considering domestic violence that may have occurred two or more years prior, nor did the language of R.C. 3113.31 require evidence of "new" domestic violence before the civil protection order may be renewed. Specifically, the court stated that "evidence of prior domestic violence that was sufficient to support a prior civil protection order is sufficient to support a new civil protection order if the prior order is terminated due to the passage of time." The court went on to conclude that the original civil protection order "apparently served its purpose because there is no indication of subsequent domestic violence," and though the new threats were not enough in themselves to constitute domestic violence, "the fact that the threat was made coupled with the past abuse * * * does cause concern that [appellant's] conduct will escalate to new domestic violence. Renewal of the old civil protection order will avoid that potential."

We give consideration to appellant's concern that he could be under a perpetual civil protection order if appellee were to continue seeking a renewal each time the order expired. Essentially, appellant argues that it is inequitable to think that fifty years from now he could potentially still be under a civil protection order for domestic violence he committed fifty years prior. However, under our holding today, this conclusion is not correct. The renewal of the civil protection order in this case was based not only upon past domestic violence, but upon past domestic violence coupled with present threats of future violence. In this case, appellant threatened to make appellee's life miserable and to kidnap appellee's children. Thus, when coupled with past domestic violence, these new threats warranted renewal of the civil protection order, even though the threats, in and of themselves, did not rise to the level of domestic violence as defined in R.C. 3113.31(A)(1). We note that this determination must be made on a case-by-case basis.

Thus, it was not an abuse of discretion for the trial court to renew the civil protection order, which automatically terminated due to the passage of time, on the basis of past domestic violence coupled with the present threat of future violence. Appellant's first assignment of error is overruled.

■ Under his second assignment of error, appellant argues that the court erred because the renewal order is more expansive in scope than the original order. First, while the original order made no mention of firearms, the renewal order requires appellant to surrender all firearms and other weapons in appellant's possession. Second, appellant argues that while the original order named only appellee as the protected person, the renewal order names appellee as well as the parties' three children.

As stated above, R.C. 3113.31(E)(3)(c) provides that "[a]ny protection order * * * may be renewed *in the same manner* as the original order." (Emphasis added.) Appellant contends that "in the same manner" refers to the substance of the order itself, arguing that the scope of a renewal order must be identical to the scope of the original order. We disagree.

■ We note that within the domestic relations context, the trial court has a great amount of discretion to resolve disputes and fashion remedies that meet the circumstances of each case. See R.C. 3113.31(E)(1). Thus, it is apparent that the legislature intended the trial court to have broad discretion in determining the scope of a civil protection order in each individual case. Further, as the Ohio Supreme Court noted, there are strong policy reasons for allowing a court to issue a protection order, especially after a divorce is final, because divorced women are at higher risk of assault than married women, and the risk of assault is greatest after a woman leaves an abusive relationship. *Felton*, 79 Ohio St.3d at 40, 679 N.E.2d at 676–677. In light of the apparent legislative intent and strong policy underlying R.C. 3113.31, we construe R.C. 3113.31(E)(3)(c)'s provision for renewal of a civil protection order "in the same manner as the original order" as a procedural reference, rather than a substantive reference. Accordingly, we find that the procedure for issuing a renewal order must go forward in the same manner as that for issuing an original protection order.

■ The procedural steps for issuing a civil protection order were outlined by the Ohio Supreme Court in *Felton*. Initially, the court may conduct an *ex parte* hearing to issue a temporary protection order if the court finds an " '[i]mmediate and present danger of domestic violence to the family or household member.' " *Felton*, 79 Ohio St.3d at 37, 679 N.E.2d at 675, quoting R.C. 3113.31(D). After this, the court is to proceed as in a normal civil action and grant a full hearing. *Id.* After the full hearing, the court may issue a protection order that includes the remedies listed in R.C. 3113.31(E)(1)(a) through (g), and the court may " 'grant

any other relief that the court considers equitable and fair.'" *Id.* at 37, 679 N.E.2d at 675, quoting R.C. 3113.31(E)(1)(h). Since we find that renewal "in the same manner" is a procedural reference, rather than a substantive one, it follows that the trial court retains discretion under R.C. 3113.31(E)(1)(h) to fashion any relief in the renewal order "that the court considers equitable and fair," and that the trial court's determination may only be reversed on appeal where there has been an abuse of discretion. Thus, we must determine whether the trial court abused its discretion by requiring appellant to surrender all firearms in his possession, or by naming the parties' three children as protected persons in the renewal order.

■ In the Gun Control Act of 1968, Section 921 *et seq.*, Title 18, U.S.Code, Congress intended to "'strengthen Federal controls over interstate and foreign commerce in firearms and to assist the States effectively to regulate firearms traffic within their borders.'" *Oefinger v. Zimmerman* (W.D.Pa.1984), 601 F.Supp. 405, 410, quoting H.R.Rep. No. 1577 (1968). Specifically, Section 922(g)(8), Title 18, U.S.Code states that it is unlawful for any person to possess any firearm or ammunition when that person is subject to a court order that "restrains such person from harassing, stalking, or threatening an intimate partner." Appellant is currently subject to such an order, and we find that the trial court was within its discretion to incorporate the remedy provided by congress in the Gun Control Act of 1968. See *Conkle v. Wolfe* (1998), 131 Ohio App.3d 375, 722 N.E.2d 586.

■ Appellant contends that the court erred by including the parties' three children as protected persons under the renewal order because the original order named only appellee as the protected person. In this case, appellee was granted custody of the three children; appellant was granted visitation rights. Both the original order and the renewal order specifically cull out an exception as is necessary to effectuate appellant's court-ordered visitation of the children. Thus we find that, although the original order did not explicitly name the three children, they were implicitly included within the ambit of the original order where appellee had been granted custody of the children, appellant had been granted visitation, and the civil protection order was drafted to accommodate this visitation. Further, when issuing a civil protection order where domestic violence exists, the court is prompted to consider not only the petitioner but also the "petitioner's family or household members." *Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus. Thus, we find that the court did not improperly increase the scope of the initial order by naming the children in the renewal order, and appellant's argument lacks merit in this regard. Accordingly, appellant's second assignment of error is overruled.

Thus, we find that the trial court did not abuse its discretion by renewing the civil protection order on the basis of past domestic violence coupled with the present threat of future violence. Further, we find no abuse of discretion by requiring appellant to surrender any firearms within appellant's possession, or by including the parties' children as protected persons under the renewal order.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.