This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Darlene Gibson (hereinafter "Gibson"), appeals the trial court's Domestic Violence Civil Protection Order issued against Appellee, Myron Redman (hereinafter "Redman"). For the following reasons, we reverse and modify in part the judgment of the trial court.
Gibson and Redman were unmarried but lived together as spouses. After alleged abuse over the course of three years Gibson filed a Petition for Domestic Violence Protection Order on April 20, 2000. The trial court granted a Domestic Violence Ex Parte Civil Protection Order the same day. The Order placed certain obligations on Redman. However, the judge also wrote "Petitioner [is] not to encourage nor permit any violation and shall report each violation within 1 min[ute] of notice to her."
A hearing was held on May 8, 2000 where the parties stated they agreed upon the terms for a permanent order. However, the trial court would not issue the order without including language similar to that quote above from the temporary order. Over Gibson's objections, the trial court's May 8, 2000 Consent Agreement and Domestic Violence Civil Protection Order provided, in addition to the prohibitions upon Redman, that "Petitioner shall not encourage nor permit any violation and shall report all violations within 60 seconds of notice to her." The ACTION OHIO Coalition for Battered Women, the Ohio Domestic Violence Network, and the Ohio NOW Education and Legal Fund were granted leave to file an amicicuriae brief in support of Gibson's appeal.
Gibson challenges the portion of the trial court's order requiring her to, inter alia, report violations of the Civil Protection Order within 60 seconds via two assignments of error which assert:
 "The trial court issued the restraining order in violation of statutory and constitutional procedural requirements."
"The restraining order violated the letter and intent of O.R.C. 3113.31."
We reverse in part and modify the judgment of the trial court because it abused its discretion and did not meet the procedural requirements of R.C. 3113.21(E)(4).
As these assignments of error address the same issues, they will be taken together. Before addressing the substance of the appeal, we note Redman did not file an appellate brief. Therefore, we may accept the appellant's statement of the facts and issues as correct and reverse or modify the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
A trial court enjoys broad discretion when fashioning a civil protection order. Woolum v. Woolum (1999), 131 Ohio App.3d 818, 824. An appellate court will not reverse a trial court's decision to grant such an order absent an abuse of discretion. Deacon v. Landers (1990),68 Ohio App.3d 26, 31. The term "abuse of discretion" connotes more than an error of law or judgment; rather, that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
"A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161.
An appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. This court should not independently weigh the evidence, but be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
A domestic violence restraining order may be granted when the petitioner proves they are a victim of domestic violence. R.C. 3113.31. The statute provides for many specific kinds of relief in the domestic violence restraining order, but also permits the trial court to grant "other relief that the court considers equitable and fair." R.C.3113.31(E)(1)(h). As a general rule, when issuing a civil protection order a trial court may not require the petitioner to do anything it could require the respondent to do unless these four procedural requirements have been met:
 "(a) The respondent files a separate petition for a protection order in accordance with this section.
 "(b) The petitioner is served notice of the respondent's petition at least forty-eight hours before the court holds a hearing with respect to the respondent's petition, or the petitioner waives the right to receive this notice.
 "(c) If the petitioner has requested an ex parte order pursuant to division (D) of this section, the court does not delay any hearing required by that division beyond the time specified in that division in order to consolidate the hearing with a hearing on the petition filed by the respondent.
 "(d) After a full hearing at which the respondent presents evidence in support of the request for a protection order and the petitioner is afforded an opportunity to defend against that evidence, the court determines that the petitioner has committed an act of domestic violence or has violated a temporary protection order issued pursuant to section 2919.26 of the Revised Code, that both the petitioner and the respondent acted primarily as aggressors, and that neither the petitioner nor the respondent acted primarily in self-defense." R.C. 3113.31(E)(4).
It is clearly unreasonable for the trial court to order Gibson to report a violation within sixty seconds of the occurrence. There are so many legitimate, practical reasons Gibson may not be able to comply with this reporting requirement, making this time limit simply arbitrary and absurd. For instance, if Redman violated the order and Gibson did not have access to a phone, Gibson would then have violated the order for not reporting Redman's violation within the allotted time. The record is devoid of any evidence or any reasoning by the trial court to support this prohibition upon Gibson. This portion of the order is, without question, an abuse of discretion.
Furthermore, the procedural requirements of R.C. 3113.31(E)(4) must be met before a court may issue a mutual protective order. In the case subjudice, Redman did not file his own petition, a full hearing was not held on the evidence against Gibson, and there were no fact findings by the court that Gibson committed domestic violence or violated a previous order, that she was an aggressor, or whether either party acted in self-defense. Rather than complying with these statutory requirements, the trial court ignored them, rationalizing it was prohibiting Gibson from doing something which would be illegal for her to do anyway. While this rationalization may or may not be true, a trial court may not issue that order without first complying with R.C. 3113.31(E)(4).
For the foregoing reasons, Gibson's assignments of error are meritorious. The decision of the trial court is reversed in part and modified. The following language is stricken from the trial court's May 8, 2000 order:
 "Petitioner shall not encourage nor permit any violation and shall report all violations within 60 seconds of notice to her."
The balance of the Civil Protection Order is affirmed.
Vukovich, P.J., Concurs.
Donofrio, J., Concurs.