OPINION
Defendant Robert Howard Kirkpatrick, II., appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which entered a stalking full hearing protection order pursuant to R.C. 2903.214 to protect plaintiff Betty Mottice and her family/household members Russell Mottice, James H. Mottice and Rachelle L. Gutscher. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INNEFFECTIVE [SIC] ASSISTANCE OF COUNSEL.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW WHEN IT GRANTED THE STALKING CIVIL PROTECTION ORDER.
ASSIGNMENT OF ERROR III
 THE JUDGMENT OF THE TRIAL COURT THAT THE STALKING CIVIL PROTECTION ORDER SHOULD BE GRANTED WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
The record indicates appellant is the father of Rachelle Gutscher's two minor children. Appellee is the children's maternal grandmother. Gutscher and her two children Russell and James live with appellee because Gutscher is terminally ill. Appellee alleged appellant had been following her and other family members, sitting in front of her home, telephoning their residences several times a day, and going to Russell's school. Appellee alleged appellant had made verbal threats and sent threatening letters to their home.
 I
In his first assignment of error, appellant urges he was deprived of the effective assistance of counsel in the hearing on the petition for the stalking civil protection order.The United States and Ohio Constitutions provide for the fundamental right to effective assistance of counsel in criminal prosecutions. The case at bar was a civil proceeding, and the petition for a civil protection order could not result in appellant's incarceration, although a subsequent violation of the order might.
Appellant also argues he was deprived of due process of law and equal protection. The record demonstrates the trial court held a full hearing before imposing the civil protection order, and did not deprive appellant of his right to procedural due process.
Furthermore, a legislative enactment will withstand a challenge on substantive due process grounds if it bears a real and substantial relation to public health, safety, morals, or the general welfare of the public, and if it is not unreasonable or arbitrary, see, e.g. Mayer v.Bristow (2000), 91 Ohio St.3d 3. R.C. 2903.214 meets these requirements, and is constitutional.
Finally, appellant argues he was denied the equal protection of law. Appellant has not demonstrated he was distinguished from other individuals or classes of individuals based on any type of classification. Appellant has not demonstrated that he was denied equal protection of law.
We find no constitutional error in the statute or its application here.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court abused its discretion and erred as a matter of law in entering the civil protection order.
A decision whether to grant a civil protection order lies within the sound discretion of the trial court, see Woolum v. Woolum (1999),131 Ohio App.3d 818. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151.
Appellant cites certain evidentiary rulings the trial court made which appellant contends introduced prejudicial factors which prevented him from having a fair trial.
Admission or exclusion of evidence is addressed to the trial court's discretion, see City of Columbus v. Taylor (1988), 39 Ohio St.3d 162 . When the trial court functions as a finder of fact, it is presumed the court considers only properly admitted evidence, State v. Wiles (1990),59 Ohio St.3d 71.
We also reviewed the civil protection order and find the court made its orders subject to any family court order with respect to visitation or other matters relative to the relationship between the parties. Thus, it appears the trial court was conscious of the relationship of the parties, and their rights and obligations, when it fashioned this order. This court can find no indication the decision of the trial court was unreasonable, arbitrary or unconscionable.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the court's decision to enter the civil protection order was against the manifest weight of the evidence.
Our standard for reviewing the challenges of this nature was set forth by the Ohio Supreme Court in the case of C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279. In Morris, the Supreme Court held a judgment supported by competent and credible evidence going to each of the essential elements of the case may not be reversed by a reviewing court as being against the manifest weight of the evidence.We have reviewed the record, and we find there is sufficient competent and credible evidence going to each element of the case to entitle the court to reach this decision. Accordingly, it is not against the sufficiency or manifest weight of the evidence.
The third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.