OPINION
Appellant Daniel B. Stark appeals a judgment of the Delaware County Common Pleas Court issuing a domestic violence civil protection order against him:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN PERMITTING THE TESTIMONY OF SOCIAL WORKER DANIEL LYTLE IN VIOLATION OF EVID. R. 702 AND 703.
 II. THE TRIAL COURT ERRED IN CONSIDERING IRRELEVANT AND INADMISSIBLE EVIDENCE IN GRANTING THE CIVIL PROTECTION ORDER AGAINST APPELLANT.
 III. THE TRIAL COURT ERRED IN ISSUING A DOMESTIC VIOLENCE FULL HEARING CIVIL PROTECTION ORDER AGAINST APPELLANT, AS APPELLEE FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT HE COMMITTED ACTS OF DOMESTIC VIOLENCE AGAINST THE PERSONS TO BE PROTECTED BY THE ORDER.
On April 30, 2001, appellee Faye A. Stark filed a petition for a domestic violence civil protection order in the Delaware County Common Pleas Court. The petition alleged that appellant had threatened appellee and restrained her liberty on several occasions by blocking her automobile from leaving the location where she was parked. Based upon the petition, the court granted an ex parte civil protection order, and scheduled the matter for full hearing.
The case proceeded to a full hearing on May 10, 2001. At the hearing, appellee testified, and a social worker who has counseled Brian Stark, the party's minor son, also testified.
Appellee testified that the problems in the marriage began when she discovered that appellant was molesting the party's minor daughter, and giving their teenage son drugs to sell at school. Appellant was ultimately convicted of sexual battery and corrupting a minor with drugs. While appellant was incarcerated, he repeatedly telephoned her, telling her that he had found religion, and had changed. When he was released, he was determined to continue the marriage, despite appellee's insistence that the relationship was over. Appellant repeatedly told her that he was never going to let her go, and they would stay together, one way or the other. She testified that he had threatened her, constantly repeating that he is not going to give up. She testified that his behavior is very erratic, and in the same conversation he will tell her he loves her, cuss at her, and begin quoting from the Bible. She testified that on several occasions, he had blocked her vehicle, to prevent her from leaving. She testified that she was in fear for her safety.
She also testified that problems occurred when her son Brian would visit his father. She testified that Brian would be hysterical the night prior to visitation. Brian had acted improperly in school by touching other students, which concerned her due to the sexual nature of the charges of which appellant had been convicted.
Daniel Lytle, an independent social worker, had been counseling Brian Stark, and testified that he felt Brian was in danger if visitation was to take place with his father. He testified that Brian is terrified of his father, and was having anxiety reactions, panic attacks, uncontrollable crying, nightmares, and hallucinations prior to visiting his father.
Appellant presented no evidence at the hearing. Following the hearing, the court issued the civil protection order against appellant, protecting both appellee and Brian Stark, the party's minor son.
 I
Appellant argues that the court erred in admitting the testimony of Daniel Lytle, as Lytle was not properly qualified as an expert pursuant to Evid. R. 702.
When Daniel Lytle took the stand, appellee presented his credentials as an independent social worker licensed with the State of Ohio, who is also a Board Certified Diplomat of clinical social workers with the American Board of Examiners, and a member of the National Association of Social Workers. Mr. Lytle testified he has been involved in counseling since 1975, concentrating on counseling children and adolescents. He testified that he has been counseling Brian on a weekly basis, beginning in January, 2001.
At the end of the questioning concerning appellee's background, counsel for appellant objected, although not specifically objecting on the basis that the witness was not qualified as an expert pursuant to Evid. R. 702. The court overruled the objection.
Evid. R. 702 provides that a witness may testify as an expert if the testimony either relates to matters beyond the knowledge or experience possessed by lay persons, or dispels a misconception common among lay persons; the witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; and the witness' testimony is based on reliable scientific, technical, or other specialized information. In the instant case, Mr. Lytle's testimony concerning his education, licensing, and experience qualifies him as an expert pursuant to Evid. R. 702. The court did not abuse its discretion in allowing Mr. Lytle to testify concerning his opinion following counseling of Brian Stark.
Appellant also argues that the court improperly allowed Mr. Lytle to testify concerning tests performed on Brian Stark, as he is not trained to do such testing. Mr. Lytle did not testify as to the results of any testing he performed, but testified as to the diagnosis rendered by Dr. Hannigan, concerning a general anxiety disorder. However, this testimony was elicited by counsel for appellant on cross examination, and any error is therefore waived.
Appellant also argues that the witness did not perceive the facts or data upon which he relied in rendering his opinion, as required by Evid. R. 703. Appellant argues that Lytle had no personal knowledge of the facts and circumstances surrounding appellant's relationship with Brian, as he did not observe the two of them together, and did not examine appellant.
However, Mr. Lytle testified that he had personally met with Brian each week since the beginning of January 2001. The hearing took place the second week of May, 2001. He also testified that in preparation for his counseling with Brian, he consulted with the prior therapist, and the guardian ad litem. He testified that he had reviewed the results of the psychological testing conducted prior to his personal involvement of the case, and that he had consulted the child's psychiatrist. Further, his opinion concerning Brian's mental state is based on information gathered by the witness during an on-going relationship with this child in counseling.
Appellant attempts to cite two cases which require a child's therapist to interview both parents before rendering an opinion concerning parenting arrangements. However, these cases all involve custody determinations, and not a decision as to whether a child needs the protection of a civil protection order. Therefore, the cases cited by appellant are not pertinent to the instant issue.
The first assignment of error is overruled.
 II
Appellant argues that the court considered irrelevant and inadmissible evidence in the civil protection order hearing.
Appellant first argues that the trial court abused its discretion by admitting evidence regarding appellant's convictions. However, the record reflects that counsel for appellant withdrew his objection to the testimony of appellee regarding the conviction, and entered into a stipulation that he had been convicted of these charges. Tr. 29-30. Therefore, any error has been waived. Further, as Brian Stark was in the household at the time appellant engaged in sexual battery with Brian's sister, and while Brian's brother was selling drugs at the high school upon request of appellant, the court was within its discretion in finding this evidence to be probative and relevant to the issue of whether Brian needed protection. Appellee's knowledge of appellant's prior criminal actions is relevant as to her mental state, in determining whether she is in fear of imminent physical harm based upon appellant's threats.
Appellant next argues the court erred in admitting evidence regarding illegal activity by Craig Stark, appellant's son. Again, as Craig was selling drugs at the high school upon the request of appellant, any difficulty suffered by Craig as a result of appellant's conduct is relevant to the need for a protection order in relation to Brian.
Appellant also argues that appellee's testimony concerning the statement of Elise Reese, appellant's court-ordered counselor, that she should be very careful around appellant, is hearsay under Evid. R. 801(A)(2). Counsel for appellant objected, but apparently on the basis that the answer would be speculative. Counsel stated that he objected as to "why someone else would do something." Tr. 40. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and in case the ruling is one admitting evidence, a timely objection appears in the record stating the specific ground of the objection, if the specific ground was not apparent from the context. Evid. R. 103(A)(1).
Although appellant did not specifically state hearsay as the reason for the objection, the court did not abuse its discretion in admitting the evidence. The evidence was not necessarily admitted to prove the truth of matter asserted, but could be admitted to show appellee's mental state in seeking the civil protection order.
The second assignment of error is overruled.
 III
Appellant argues that the judgment is not supported by the evidence. Appellant concedes that the decision as to whether or not to grant a civil protection order is reviewed under an abuse of discretion standard, and therefore the trial court's decision must have been unreasonable, unconscionable, or arbitrary in order to justify reversal. Woolum v.Woolum (1999), 131 Ohio App.3d 818, 821. In order to grant a civil protection order pursuant to R.C. 3113.31, the court must find the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family member are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. R.C. 3113.31(A)(1) defines domestic violence as the occurrence of one or more of the following acts against a family member: attempting to cause or recklessly causing bodily injury; placing another person in fear of imminent physical harm by threat of force or by committing a violation of R.C. 2903.211 (menacing by stalking), or R.C. 2911.211
(aggravated trespass); or committing any act with respect to a child that would result in the child being an abused child.
In the instant case, there was evidence that the minor sister of Brian Stark, and the daughter of appellee, was the victim of sexual battery at the hands of appellant. In the same criminal case, appellant was convicted of corrupting his minor son, Craig, with drugs. There was evidence that appellant gave Craig drugs to sell at high school. Either of these actions could be considered an act of abuse pursuant to R.C.2151.031, and subsequently as domestic violence under R.C. 3113.31. In addition, there was testimony concerning Brian's fear of visitation with his father. There was testimony that Brian suffered from anxiety attacks, panic attacks, uncontrollable crying, nightmares, and hallucinations, prior to visiting his father. From these factors, the court could conclude that Brian Stark was in danger of commission of domestic violence, as defined by the statute.
Appellee testified about the irrational nature of appellant's conduct. She testified that he had violated the terms of his probation by blocking her exit on several occasions, and had been attempting to intimidate her and threaten her, immediately after telling her how much he loves her. She testified that she had filed telephone harassment charges against appellant, while a prior ex parte civil protection order was in effect. She testified that he repeatedly told her he would not give up on the relationship, and they would be together one way or the other. This evidence was sufficient for the court to conclude that appellee was placed in fear of imminent serious physical harm, by the threat of force.
The third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. William B. Hoffman, J. concur.