OPINION
{¶ 1} Appellant, Charles McDaniel, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, granting and extending a civil protection order ("CPO") against him. We affirm the decision of the trial court for the reasons outlined below.
 {¶ 2} Appellee, Ann Marie McDaniel ("Mrs. McDaniel"), appellant's wife, filed a petition for a CPO against appellant. The trial court issued an ex parte civil protection order on February 14, 2002, which indicated that it would expire on April 14, 2002. The ex parte CPO covered Mrs. McDaniel and the couple's six children. Mrs. McDaniel also filed a complaint for legal separation.
 {¶ 3} A domestic relations magistrate issued an order dated February 27, 2002 which stated that the full hearing for the CPO was being continued by agreement of the parties until March 15, 2002. The February 27 entry indicated that the ex parte order "shall continue in full force and effect until further ORDER of the Court." An agreed modification of the CPO concerning visitation by appellant was filed with the trial court on February 27, 2002 as well.
 {¶ 4} The full hearing was held on March 15 and March 21, 2002. Evidence related to parenting issues and support was also heard during the two days of testimony. The trial court issued a decision on March 28, 2002 discussing parenting, visitation, and support issues in the legal separation action. The trial court issued an order on May 16, 2002 extending the CPO until February 14, 2007, which is five years from the issuance date of the ex parte CPO.
 {¶ 5} Appellant appeals the issuance of the CPO, presenting three assignments of error. We will address the first two assignments together.
Assignment of Error No. 1
 {¶ 6} "THE DECISION OF THE TRIAL COURT TO GRANT AND EXTEND A CIVIL PROTECTION ORDER TO THE APPELLEE AND AGAINST THE APPELLANT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
Assignment of Error No. 2
 {¶ 7} "THE DECISION OF THE TRIAL COURT TO GRANT AND EXTEND A CIVIL PROTECTION ORDER TO THE APPELLEE AND AGAINST APPELLANT WAS AN ABUSE OF DISCRETION."
 {¶ 8} Appellant argues that Mrs. McDaniel failed to demonstrate that appellant put her or their children in immediate and present danger of future harm pursuant to R.C. 3113.31(D)(1).
 {¶ 9} First, we note that R.C. 3113.31(D)(1) refers to the issuance of an ex parte civil protection order after an ex parte hearing. Morris v. Stonewall (Nov. 15, 1999), Clinton App. No. CA99-04-012. We will presume that appellant is appealing the issuance and extension of the CPO as stated in his assignments of error and his cited case law. See R.C. 3113.31(G) (any order, other than an ex parte order, that grants a protection order is a final, appealable order).
 {¶ 10} In order to grant a CPO, a trial court must find that a petitioner has shown by a preponderance of the evidence that the petitioner (Mrs. McDaniel), or the petitioner's family or household members, are in danger of domestic violence. Felton v. Felton,79 Ohio St.3d 34, paragraph two of syllabus, 1997-Ohio-79.
 {¶ 11} As used in R.C. 3113.31(A), "domestic violence" means the occurrence of one or more of the following acts against a family or household member: (a) attempting to cause or recklessly causing bodily injury; (b) placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of R.C. 2903.211
(menacing by stalking) or 2911.211 (aggravated trespass); (c) committing any act with respect to a child that would result in the child being an abused child, as defined in R.C. 2151.031.
 {¶ 12} The appellate court must determine whether sufficient, credible evidence supported the trial court's findings. Felton at 43-44. A trial court's order issuing a CPO is reviewed under an abuse of discretion standard. Woolum v. Woolum (1999), 131 Ohio App.3d 818, 821. An abuse of discretion implies that the trial court's decision was unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. A reviewing court should follow a presumption that the trial court's findings are accurate because the trial court is in the best position to view the witnesses and observe their demeanor so as to weigh the credibility of the testimony. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 13} Mrs. McDaniel alleged that appellant choked her, threw her down and cut her finger with scissors during an altercation in January 2002. Mrs. McDaniel also testified that she was fearful of appellant and in response, she removed weapons from the home and placed the weapons in a rental storage unit. Mrs. McDaniel testified that appellant was not truthful about Mrs. McDaniel's medical condition, reportedly telling friends and police that Mrs. McDaniel was mentally ill, suicidal, and should not be around the guns in the house.
 {¶ 14} Mrs. McDaniel also alleged that appellant was viewing pornography on one of the computers at home. Mrs. McDaniel further alleged that appellant was sexually inappropriate with some of the couple's female children. Mrs. McDaniel testified that she observed one incident after she came downstairs late at night to find one of the daughters sitting with appellant in a chair. Mrs. McDaniel testified that she observed appellant placing his hands on the vagina of the girl.
 {¶ 15} The trial court did not permit the children to be questioned at the hearing about the sexual abuse allegations because those allegations were the subject of an on-going investigation by the Warren County Children Services Board.
 {¶ 16} Appellant disputed the testimony presented and the various allegations made by Mrs. McDaniel. Appellant testified that the pornographic sites were accidentally accessed by his son on one of the many home computers, but testimony was presented that appellant was the only individual to use the computer where the pornography was found.
 {¶ 17} Appellant also presented the testimony of a cancer therapist who had recently been counseling the children about their mother's illness. This therapist stated that the children never told her about any inappropriate sexual behavior by appellant.
 {¶ 18} We are keenly aware that the trial court predominately had to rely on the testimony of Mrs. McDaniel regarding the domestic violence issues. However, we do not find that fatal to this case. See Stanley v.Stanley, Mahoning App. No. 99CA203, 2001-Ohio-3375 (victim's testimony sufficient to prove domestic violence in spite of contradictory evidence by appellant). The trial court was in the best position to observe the witnesses and to judge their credibility.
 {¶ 19} There was sufficient credible evidence provided that Mrs. McDaniel and the children were in danger of domestic violence to meet the applicable standard to grant and extend the civil protection order. The trial court did not abuse its discretion in doing so. Appellant's first and second assignments of error are overruled.
Assignment of Error No. 3
 {¶ 20} "THE DECISION OF THE TRIAL COURT TO GRANT AND EXTEND A CIVIL PROTECTION ORDER TO THE APPELLEE AND AGAINST THE APPELLANT WAS CONTRARY TO CONTROLLING LAW AS THE COURT LACKED JURISDICTION TO DO SO."
 {¶ 21} Appellant argues that the ex parte CPO expired on April 14, 2002 without further order of the court and therefore, the trial court had no jurisdiction to extend the CPO.
 {¶ 22} Even though the trial court listed a short expiration period in April 2002 for the ex parte CPO, the trial court issued a subsequent entry on February 27, 2002 that determined that the ex parte CPO would be in effect until further order of the court, as the parties had agreed to continue the date of the full hearing.
 {¶ 23} The trial court issued this further order on the CPO on May 16, 2002 when the trial court ordered that the CPO continue with an expiration date of February 14, 2007. The actions of the trial court were within the parameters of R.C. 3113.31. In any event, the expiration of an ex parte order does not affect the trial court's jurisdiction to grant a CPO after a full hearing is held. The trial court had jurisdiction to grant and extend the CPO. We overrule appellant's third assignment of error.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.