OPINION
{¶ 1} Petitioner-appellant, Vanessa Bumgardner, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, dismissing her petition for a civil protection order ("CPO").[1]
 {¶ 2} Appellant and respondent-appellee, Clifford Bumgardner, were married on November 27, 2001. Appellant and appellee have one child, and appellant has one child from a prior relationship. On December 29, 2003, appellant filed her first petition for a CPO. On January 22, 2004, a domestic relations court magistrate dismissed the petition for lack of evidence.
 {¶ 3} On March 4, 2004, appellant filed a second petition for a CPO. In that petition, appellant asserted new allegations against appellee, and repeated the allegations asserted in her first petition. Appellant alleged that the following occurred after dismissal of the first petition: 1) while appellant was staying at a shelter for abused women, appellee approached her and tried to speak with her; 2) appellee approached appellant and tried to speak with her while she was walking their child to school; 3) appellee again came to the shelter to speak with appellant; 4) appellant saw appellee's car parked in front of the shelter, and later that day saw the car parked in a lot near the shelter.
 {¶ 4} After a hearing, the trial court dismissed appellant's second petition, finding her claims to be barred by res judicata. Appellant appeals the dismissal of her second petition, raising two assignments of error. For the purpose of clarity, we will address the assignments of error together.
 {¶ 5} ASSIGNMENT OF ERROR NO. 1:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S PETITION FOR A CIVIL PROTECTION ORDER ON THE BASIS OF LACK OF JURISDICTION OR RES JUDICATA, WHEN NEW EVIDENCE HAD BEEN PRESENTED TO THE COURT."
 {¶ 7} ASSIGNMENT OF ERROR NO. 2:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A CPO TO APPELLANT WHEN THE EVIDENCE SATISFIED THE REQUIREMENTS OF R.C.3113.31(A)(1)(B) FOR THE ISSUANCE OF A CPO."
 {¶ 9} Appellant argues that the domestic relations court incorrectly dismissed her petition for lack of jurisdiction and that the court incorrectly found that her claims against appellee were barred by res judicata. Further, appellant maintains that the trial court abused its discretion in denying her petition for a CPO after she provided new evidence that appellee engaged in domestic violence by committing menacing by stalking.
 {¶ 10} The decision to grant or deny a CPO is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of discretion. Woolum v.Woolum (1999), 131 Ohio App.3d 818, 821. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit. Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62. Under the doctrine of res judicata, or claim preclusion, "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 382, 1995-Ohio-331, citing 1 Restatement of the Law 2d, Judgments (1982) 196, Section 24(1).
 {¶ 12} Initially, we note that while the court's judgment entry indicates that it dismissed appellant's petition for lack of jurisdiction, the court held at the final hearing that appellant's claims were barred by res judicata. The court explained that it did not have jurisdiction to grant a CPO based on claims appellant made in her first petition for a CPO, which had been dismissed. Therefore, the basis for the trial court's decision was not that it was without jurisdiction to consider appellant's second petition; rather, the court determined it did not have jurisdiction to grant a CPO based on claims previously litigated.
 {¶ 13} After reviewing the record, we find that the domestic relations court properly dismissed appellant's petition based on res judicata. Appellant's second petition does allege some facts concerning events that occurred subsequent to the dismissal of her first petition. However, at the final hearing on the second petition, appellant reiterated the allegations made in support of her first petition. Appellant's counsel called witnesses to testify about events that allegedly occurred prior to the first petition. Even when questioned about the new facts alleged in her second petition, appellant referred back to her original allegations.
 {¶ 14} Moreover, the new facts alleged in appellant's second petition do not amount to an act of domestic violence as defined in R.C. 3113.31(A). According to R.C. 3113.31(A):
 {¶ 15} "(1) `Domestic violence' means the occurrence of one or more of the following acts against a family or household member.
 {¶ 16} "* * *
 {¶ 17} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing [the crime of menacing by stalking in violation of R.C. 2903.211]."
 {¶ 18} According to R.C. 2903.211(A)(1), a person commits the crime of menacing by stalking "by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 19} Appellant failed to present evidence that appellee placed her in fear of imminent serious physical harm by threat of force or that he knowingly caused her mental distress. The record indicates that the basis for appellant's fear of appellee is solely based on the events alleged in appellant's first petition. Accordingly, the trial court did not abuse its discretion in dismissing appellant's second petition for a CPO. Appellant's first and second assignments of error are overruled.
 {¶ 20} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.