OPINION
{¶ 1} Respondent-appellant, William Baker, appeals a judgment of the Butler County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision issuing a civil protection order ("CPO") against him. We affirm the decision of the trial court.
 {¶ 2} Appellant and petitioner-appellee, Kimberly Baker, were married on June 29, 2002. On April 6, 2004, appellee filed a petition for a domestic violence CPO against appellant pursuant to R.C. 3113.31 and was awarded an ex parte temporary protection order. In her petition, appellee alleged that appellant exhibited an ongoing, continuous pattern of domestic violence. At a hearing on the CPO, she testified as to numerous occasions of verbal and physical abuse. In October 2002, the parties had an argument during which appellee claims that appellant hit her, threw a can of beer at her, and kicked her down the stairs. Appellee admitted to scratching and biting appellant to escape from him. She then went outside and flagged down a passing police cruiser. Both parties were charged with domestic violence, but the charges were later dropped when the couple agreed to attend counseling. In November 2003, appellant inflicted bruises on appellee when he kicked her in the buttocks while attempting to prevent her from leaving the house. The couple separated, but appellee returned to the marital home after about three weeks. Appellee also claims that appellant prohibited her from leaving the house after an argument on Thanksgiving 2003. Another major altercation occurred in December 2003, when appellant called appellee names and pushed her after she met him at a party thrown by his company at a local tavern.
 {¶ 3} The confrontation that spurred the filing of appellee's CPO petition occurred on April 4, 2004. Appellant returned to the house around 4:30 a.m. after a night of heavy drinking. Appellee contends that appellant followed her from room to room yelling profanities, pushing her, and threatening her as she attempted to get ready for church. Appellant denies these allegations. Later that afternoon, appellee went to her mother's home after appellant left the house because she believed that appellant would beat her upon his return. She later went back to the house only to pick up some clothing at a time she knew appellant would not be there. Appellee filed her petition for a CPO two days after this incident.
 {¶ 4} A hearing on appellee's petition began on April 21, 2004 and was continued to June 10, 2004 and then again to July 13, 2004. In the interim, appellee filed three motions for contempt alleging repeated violations of the temporary protection order by appellant. The magistrate issued a final protective order on July 26, 2004. In addition, the magistrate granted the portions of appellee's contempt motions which referred to appellant driving by the couple's residence as well as the homes of appellee's mother and sister. The trial court subsequently adopted the magistrate's decision over appellant's objections, and appellant timely appealed.
 {¶ 5} In a single assignment of error, appellant argues that the trial court erred in granting the CPO and raises two separate issues for our consideration. First, appellant argues that the magistrate failed to consider all of the evidence in granting appellee's final protective order due to the magistrate's failure to reference the April 21, 2004 hearing date in her decision. He contends that appellee's testimony on this date casts significant doubt upon the veracity of her allegations of domestic violence. Second, appellant argues that the application of a preponderance of the evidence standard to the trial court's awarding of the CPO renders R.C. 3113.31 an unconstitutional taking without due process of law.
 {¶ 6} The decision to grant a CPO is within the sound discretion of the trial court and an appellate court will not reverse the trial court's decision absent an abuse of discretion. Woolum v. Woolum (1999),131 Ohio App.3d 818, 821. To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Because the trial court is in the best position to observe the witnesses and to assess the credibility of their testimony, we must presume the accuracy of the trial court's findings. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 7} In reviewing the magistrate's decision, we find no merit to appellant's first argument that the magistrate failed to consider all of the evidence because the magistrate failed to specifically mention the April 21, 2004 hearing date. Appellant submits that this omission was critical because appellee's testimony on that date calls into question whether an act of domestic violence occurred on April 4, 2004. Appellee insists that the omission was merely a typographical error and that the magistrate clearly considered the April 21 testimony. In addition, appellee notes that the trial judge adopted the magistrate's decision after an independent review of the record, which included a transcript of the April 21 hearing.
 {¶ 8} We agree that a reading of the magistrate's decision reveals that she considered all of the evidence. The omission of the April 21 date appears to be a nonfatal clerical error. The magistrate clearly cited appellee's testimony describing the prior incidents of domestic violence, and this testimony was given solely on April 21. The magistrate also cited photographs introduced on April 21 depicting injuries sustained during the April 4 incident. While appellant's testimony presented conflicting renditions of the various altercations between him and appellee, including the April 4 incident, the magistrate found the testimony of appellee to credibly establish sufficient evidence to award the CPO. Further, as appellee notes, appellant raised this same argument regarding omission of the April 21 date before the trial court at appellant's objection hearing, and the trial judge chose to accept the magistrate's decision. Because the magistrate notably considered the testimony garnered from the April 21 hearing, we find no abuse of discretion in the trial court's adoption of the magistrate's decision granting appellee a final CPO.
 {¶ 9} Finally, we find no merit in appellant's second argument concerning the impropriety of the application of a preponderance of the evidence standard to the trial court's awarding of a CPO. Appellant encourages this court to adopt the more strenuous clear and convincing evidence standard because he maintains that the application of the preponderance standard renders R.C. 3113.31 an unconstitutional taking without due process of law. When considering this issue, the Ohio Supreme Court noted that R.C. 3113.31 does not specify the appropriate burden of proof required to issue a CPO. Felton v. Felton, 79 Ohio St.3d 34, 41,1997-Ohio-302. The court further acknowledged that Ohio appellate courts had been divided on whether to apply a clear and convincing standard or a preponderance of the evidence standard in determining whether a petitioner has shown that petitioner or family members are in danger of domestic violence. Id. at 41-42. The court reasoned that the General Assembly would have specified a clear and convincing standard had it intended for that standard to apply, as it had done in other sections of the Revised Code. Id. at 42. The court then explicitly held that the preponderance of the evidence standard is the appropriate standard to be utilized in a trial court's granting of a CPO. Id.
 {¶ 10} This court has also followed Felton and adopted the preponderance standard in a number of CPO cases. Woolum v. Woolum (1999),131 Ohio App.3d 818, 821; Lane v. Ververis (Oct. 18, 1999), Preble App. No. CA99-02-003; Morris v. Stonewall (Nov. 15, 1999), Clinton App. No. CA99-04-012; Couch v. Harrison, Clermont App. No. CA2000-08-063, 2001-Ohio-4199; McDaniel v. McDaniel, Warren App. No. CA2002-06-054, 2002-Ohio-6111. We therefore see no basis for supporting the implementation of a clear and convincing evidence standard. As such, we find no abuse of discretion in the trial court's adoption of the magistrate's decision applying a preponderance of the evidence standard in awarding a final CPO to appellee.
 {¶ 11} In conclusion, we hold that the trial court did not err in adopting the magistrate's decision awarding appellee a final CPO against appellant. Appellant's assignment of error is overruled.
 {¶ 12} Judgment affirmed.
Powell, P.J., and Young, J., concur.