DECISION AND JUDGMENT ENTRY
This is an appeal from a Gallia County Common Pleas Court judgment that granted a request for a protection order filed by Keitha A. Williams, petitioner below and appellee herein.
Sandy McDougal and Jim McDougal, respondents below and appellants herein, raise the following assignment of error:
"THE TRIAL COURT ERRED IN FINDING FACTS IT BELIEVED VIOLATED SECTION2903.211. THE TRIAL COURT ERRED IN IT'S [SIC] FINDINGS OF FACT DO NOT SUPPORT THE GRANTING OF THE CIVIL PROTECTION ORDER [SIC]."
On August 16, 2000, appellee filed an R.C. 2903.214 "Petition for Stalking Civil Protection Order" against appellants. Appellee alleged appellants engaged in the following acts of "menacing by stalking": "Cussing[,] calling of bad names to who ever comes to my house trying to run me off the road at a high rate of speed with my grand children and daughter in law in the car also harassment everytime I am out side, also attempting physical harm to me and my property and immediate family, these people are violent people. [sic]"
On August 28, 2000, the trial court held a hearing regarding appellee's complaint. The evidence adduced at the hearing reveals the following. Appellee stated that on the day in question, her landlord was at her residence when a dog approached him. The dog allegedly almost bit the landlord. The landlord asked appellee who owned the dog. Appellee explained that the dog lived in the "neighborhood." The landlord told appellee that he was going to call the dog catcher. Appellee permitted the landlord to use her phone to call the police department and the dog catcher.
Apparently, appellee's neighbors discovered that the dog catcher had been called and the neighbors believed that appellee had called the dog catcher. One of appellee's neighbors, Sandy McDougal, was particularly incensed at the thought that appellee had called the dog catcher. Appellee stated that as she and her family were leaving for McDonald's restaurant:
 "Mrs. McDougal jumped out in the front of my vehicle, smacked her hands down on my car and started shaking her hands, fingers at me, cussing me, calling me every name that you could possibly name, accusing me of calling the dog catcher. And I tried to tell her, I didn't. So she went on cussing and carrying on, so I then pulled on up to my driveway and got out of my car with my daughter-in-law to talk to them. She still accused me of calling the dog catcher. I said, I didn't call the dog catcher. She said, yes, you did, you are a `GD' liar, started proceeded in calling me bitches, calling me trouble maker, I did this and I did that. I said, no, I did not do this. So then for there was other people came out and just everybody started joining in on me. [sic]."
Appellee apparently extracted herself and her family from the situation and continued on the way to McDonald's restaurant. As she continued up the road, appellee stated that she encountered Mrs. McDougal's husband, Jim. Appellee explained that if she had not driven her vehicle in the ditch, Mr. McDougal's van would have collided with her vehicle.
On August 29, 2000, the trial court granted the civil protection order. Appellants filed a timely notice of appeal.
In their sole assignment of error, appellants assert that appellee failed to present credible evidence to demonstrate that she or her family members were in immediate present danger so as to justify the protection order. Appellants argue that no evidence exists that they knowingly caused physical harm or mental distress to any person. Appellants further argue that no evidence exists that they engaged in a pattern of conduct designed to menace appellee.
We initially note that the decision whether to grant a civil protection order is within the sound discretion of the trial court. Woolum v.Woolum (1999), 131 Ohio App.3d 818, 821, 723 N.E.2d 1135; Short v.Walker (Jan. 16, 2001), Preble App. No. CA2000-08-09, unreported. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142. Moreover, we note that if competent, credible evidence supports a trial court's judgment, a reviewing court will not reverse a trial court judgment as being against the manifest weight of the evidence. See Vogel v. Wells (1991), 57 Ohio St.3d 91, 566 N.E.2d 154;Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426; C.E. Morris v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
R.C. 2903.214 governs the filing of a "petition for protection order." R.C. 2903.214(C) provides:
A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member by filing a petition with the court. The petition shall contain or state both of the following:
(1) An allegation that the respondent engaged in a violation of [R.C.] 2903.211 against the person to be protected by the protection order, including a description of the nature and extent of the violation;
(2) A request for relief * * *.
R.C. 2903.211(A), the menacing by stalking statute, provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(D)(1) defines a "pattern of conduct" as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." One incident is insufficient to establish a "pattern of conduct." See State v. Scruggs (2000),136 Ohio App.3d 631, 737 N.E.2d 574; Dayton v. Davis (1999),136 Ohio App.3d 26, 735 N.E.2d 939; Baddour v. Fox (Nov. 15, 2000), Licking App. No. 00 CA 0035, unreported.
In the case at bar, we find insufficient evidence to establish that appellants engaged in a "pattern of conduct," as defined in R.C.2903.211(D). Rather, the evidence adduced at the hearing reveals a one-time incident caused by a heated argument over a dog. The trial court did not find, and the record does not support, that appellants have, on more than one occasion, caused or threatened to cause appellant physical harm or caused appellant mental distress.[1] Consequently, we find that appellants did not engage in the crime of menacing by stalking.
Accordingly, based upon the foregoing reasons, we sustain appellants' sole assignment of error and reverse the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellants recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 _______________________________________ Peter B. Abele, Presiding Judge
[1] We note that appellee, during her testimony, made a vague reference to other conduct and incidents with appellants. We, however, find this reference insufficient to establish a "pattern of conduct." Had appellant's testimony established the incidents similar to those outlined above, we would have no problem concluding that the weight of the evidence supported the trial court's judgment.