OPINION
This appeal is brought by Appellant Julie Kramer from the judgment of the Court of Common Pleas, Seneca County, granting Darla Kramer, on behalf of the minor child Heather Kramer, a stalking civil protection order against Appellant.
Initially, we note that the Appellee has failed to file a brief with this court. Consequently, we will accept the statement of facts in Appellant's brief as true. App.R. 18(C); Ford Motor Credit Co. v. Potts
(1986), 28 Ohio App.3d 93, 96, 502 N.E.2d 255. On December 14, 2001, Appellee Darla Kramer filed a Petition for Stalking Civil Protection Order, on behalf of her minor daughter Heather Kramer, against Appellant Julie Kramer. Darla is the ex-spouse of Julie's current husband, Keith Kramer. Heather, age 17, is the natural child of Darla and Keith and is Julie's step daughter. Darla has residential custody of her and Keith's three children while Keith has visitation rights.
The petition filed by Darla on Heather's behalf alleged that a stalking civil protection order was necessary in order to prevent Julie from harassing Heather via frequent telephone calls and visits to Heather's place of employment. The petition further alleged that threatening remarks made by Julie to Heather were causing the young girl significant stress and that as a consequence of Julie's harassment; Heather attempted suicide in early December 2001.
On January 2, 2002 the matter came to hearing before the Seneca County Court of Common Pleas at which time Heather testified that Julie had visited her at work on two occasions. However, Heather could only remember one instance specifically. On that occasion, Julie wanted to speak with Heather about current family troubles. Further testimony revealed that on one other occasion Julie brought flowers to Heather's workplace, though Heather was not present at the time. Heather admitted to the court that she had never asked Julie not to telephone her or not to call on her at work. Furthermore, Heather had not explained to Julie that her visits and phone calls caused her stress. When asked why she had attempted suicide Heather told the court, "All this stuff. My Dad, Julie. Everything." Notably, Heather testified that at no time had Julie threatened her with physical harm.
At the close of Heather's testimony, Julie took the stand and told the court that she neither harassed nor threatened Heather. Julie further testified that she believed the current petition to be an attempt by Darla and Heather to achieve retribution for a July 2001 Civil Protection Order entered against Henry Kramer, Darla's son and Heather's brother, on behalf of Julie. Julie testified that she sought and received the order due to Henry's lengthy pattern of violent and sexually explicit behavior directed toward her own children.
On January 3, 2002, the trial court granted Darla's petition and ordered that a stalking civil protection order be entered against Julie for a term of two years. The order stated that the protection order was necessary for the safety and protection of Heather but did not issue specific findings of fact as to the threat Julie posed. It is from this order that Appellant, Julie Kramer, now appeals.
Appellant raises the following assignments of error:
 "The Trial Court erred as a matter of law when it granted the stalking civil protection order against the Appellant.
 "The Trial Court erred, based on the weight of the evidence, in granting a stalking civil protection order because the Appellee did not prove by preponderance of the evidence that the Appellant engaged in a pattern of conduct that knowingly caused the Appellee to believe that the Appellant would cause physical harm or cause mental distress to the Appellee."
Appellant raises two assignments of error; the first attacking the sufficiency of the evidence leading to the stalking civil protection order (SPCO) issued against her and the second attacking the manifest weight of that evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to a jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541. In essence, sufficiency is a test of adequacy and as such, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211. On the other hand, weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins (1997),78 Ohio St.3d at 387. Although an appellate court may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. State v. Robinson (1955), 162 Ohio St. 486, 487, 124 N.E.2d 148, superseded on other grounds by Constitutional amendment as stated inState v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. Conversely, should an appellate court determine that the evidence was insufficient to support a trier of fact's judgment as a matter of law, it is then unnecessary to thereafter review the manifest weight of the evidence. Therefore, we review the sufficiency of the evidence first.
In her first assignment of error, Appellant alleges that the trial court erred by issuing the SCPO against her where the Appellee failed to present sufficient evidence to warrant the order. We review a trial court's decision to grant a petitioner a SCPO with an abuse of discretion standard of review. Mottice v. Kirkpatrick (Dec. 27, 2001), Stark App. No. 2001CA00103, 2001-Ohio-7042; citing Woolum v. Woolum (1999),131 Ohio App.3d 818, 723 N.E.2d 1135. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426.
The first issue we address is the applicable law governing stalking civil protection orders and the level of proof necessary to obtain one. Ohio's Menacing by Stalking Statute, R.C. 2903.211(A), provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Pursuant to R.C. 2903.214(C), a person may seek civil relief against an alleged stalker by filing a petition which shall contain "[a]n allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order, including a description of the nature and extent of the violation." R.C. 2903.214(E)(1) continues:
 "After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member. * * *"
Though R.C. 2903.211(A) clearly defines the criminal act of stalking, R.C. 2903.214, which governs the civil order, is silent as to the amount of evidence that a petitioner must set forth in order to obtain a protection order. The First District Court of Appeals resolved this omission by concluding that the Ohio Supreme Court's holding in Feltonv. Felton (1997), 79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672 applied to petitions for stalking civil protection orders. Lindsay v. Jackson
(Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306. In Felton, the Supreme Court held that when a petitioner is seeking a civil protection order pursuant to R.C. 3113.31 [Ohio Domestic Violence Statute], the trial court must find that the petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d at paragraph two of the syllabus. The Lindsay court reasoned that the Supreme Court's rationale in Felton was equally applicable to cases where petitioners sought a stalking civil protection order. Thus, theLindsay court concluded that in order to obtain a SCPO pursuant to R.C.2903.214, a petitioner must present proof, by a preponderance of the evidence, that the offender knowingly caused mental distress to another or that the offender knowingly caused another to believe that the offender would cause physical harm to him or her. Lindsay v. Jackson, supra. See also Huffer v. Chafin (Jan. 28, 2002), Licking App. No. 01 CA 74, 2002-Ohio-356; Tuuri v. Snyder (Apr. 30, 2002), Geauga App. No. 2000-G-2325, 2002-Ohio-2107, ¶ 12. We agree with the well reasoned decision of the Lindsay court and accordingly hold that in order to obtain an order for stalking civil protection, a petitioner must show by a preponderance of the evidence that the respondent has engaged in a violation of R.C. 2903.211, menacing by stalking.
We now turn to the substantive determination as to whether or not the Appellee, the petitioner below, demonstrated by a preponderance of the evidence that Appellant engaged in a violation of R.C. 2903.211. According to R.C. 2903.211(A), a person may not engage in a pattern of conduct that knowingly causes mental distress to another or knowingly causes another to believe that the person will cause physical harm. R.C. 2903.211(A)(1) defines a pattern of conduct as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." One incident is insufficient to establish a "pattern of conduct." State v.Scruggs (2000), 136 Ohio App.3d 631, 737 N.E.2d 574; Dayton v. Davis
(1999), 136 Ohio App.3d 26, 735 N.E.2d 939; Baddour v. Fox (Nov. 15, 2000), Licking App. No. 00 CA 0035. In addition, R.C. 2903.211(C)(2) defines mental distress as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." Furthermore, explicit or direct threats of physical harm are not necessary to establish a violation of R.C. 2903.211(A). Rather, the test is whether the offender, by engaging in a pattern of conduct, knowingly caused another to believe the offender would cause physical harm to him or her. Statev. Jones (Oct. 21, 1996), Warren App. No. CA95-12-122. See also Statev. Smith (1998), 126 Ohio App.3d 193, 202, 709 N.E.2d 1245; State v.Kent (Apr. 21, 2000), Hamilton App. Nos. C-990267 and C-990268.
In the case at bar, we find insufficient evidence to establish that Appellant engaged in a "pattern of conduct," as defined in R.C. 2903.211(D). Rather, the evidence adduced at the hearing reveals that Heather Kramer could only specifically remember one instance in which Julie Kramer came to her work place. Curiously, the record is void of evidence that Julie placed harassing phone calls to Heather or her family as alleged in the initial petition. Furthermore, we find insufficient evidence to establish that Appellant knowingly caused Heather to believe that Julie would cause her physical harm since Heather admitted to the court that Julie never threatened her physically.
Finally, there is insufficient evidence to establish that Julie knowingly caused Heather mental distress. When asked why the court should grant the SCPO Heather responded, "Because I'm really tired of her. My life is a mess right now. She'll come in to work and upset me." And yet, Heather admitted that she never expressed her feelings to Julie or otherwise indicated that Julie's presence was causing her stress. The petition for the SCPO stated that Heather attempted suicide based directly on Julie's actions. However, the testimony rendered at the hearing does not support this assertion. We do not doubt that Heather Kramer is troubled. Without a doubt she has experienced a great deal of turmoil in her young life. However, R.C. 2903.211 and R.C. 2903.214 were not enacted for the purpose of alleviating uncomfortable situations, but to prevent the type of persistent and threatening harassment that leaves victims in constant fear of physical danger.
Based on the facts of this case, we do not find that the trier of fact could reasonably have inferred that Darla and Heather Kramer were afraid that Julie Kramer would cause physical harm to one or both of them. The Appellees failed to present sufficient evidence such to warrant a SCPO and therefore, the trial court erred as a matter of law when it granted Appellee's petition. The trial court's judgment was contrary to law and an abuse of discretion. Accordingly, Appellant's first assignment of error is sustained, making it unnecessary for us to consider the second assignment of error.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Seneca County is hereby vacated and the cause is remanded to that court for further proceedings to dismiss the complaint in accordance with this opinion.
Judgment vacated and cause remanded.
SHAW, P.J., and WALTERS, J., concur.