OPINION
{¶ 1} The defendant-respondent, Gail Douglas ("Gail"), appeals the September 5, 2006 Order of Protection of the Court of Common Pleas in Marion County, Ohio granting petitioner-appellee, Dewey Jenkins ("Dewey"), a civil stalking protection order against Gail pursuant to R.C. 2903.214.
 {¶ 2} On or about August 28, 2006, Dewey filed his petition for a civil stalking protection order against Gail. The trial court issued an Ex Parte order of protection on August 29, 2006. On September 5, 2006, a hearing was held and Gail did not appear at that time; however, Dewey did appear and provided testimony. During his testimony, he provided that he lived at 505 Fountain Street in Marion, Ohio and owned an empty lot between his home and the home of Gail which is located at 535 Fountain Street. On the empty lot located between Dewey and Gail's current residences, Dewey is building a new residence.
 {¶ 3} He claimed that Gail has trespassed on his property numerous times by leaving various vehicles parked on the property. In addition, he asserted that Gail was trafficking in cocaine on the empty lot. He has been threatened on numerous occasions including statements that she is going to have a gang come down from Detroit and kill him and that she has hired somebody to stab him to death. He testified that she has come out while he is putting up a fence on his *Page 3 
property and jumped all over him and other workers who are building the new residence. He also stated that Gail actually hit one of his workers while they were working on his property. He asserts that she claims that she owns the property that he is building on; however, he has had the property surveyed more than once to prove the property line. Furthermore, he states that he has made numerous reports to the police regarding her behavior and threats.
 {¶ 4} At the conclusion of the hearing, the trial court issued an order of protection against Gail in favor of Dewey. The trial court included in the order of protection prohibitions against Gail contacting the workers building a house on Dewey's property. The order of protection was filed on September 5, 2006.
 {¶ 5} On October 2, 2006, Gail filed a notice of appeal raising the following assignments of error:
 Assignment of Error I THE TRIAL COURT ERRED IN GRANTING AN ORDER OF PROTECTION AGAINST APPELLANT UPON THE EVIDENCE PRESENTED AT HEARING.
 Assignment of Error II THE TRIAL COURT ALSO ERRED IN GRANTING AN ORDER OF PROTECTION AGAINST APPELLANT IN FAVOR OF "WORKERS BUILDING A HOUSE AT 515 FOUNTAIN STREET, MARION, OHIO" WHEN THOSE WORKERS ARE NOT FAMILY OR HOUSEHOLD MEMBERS OF PETITIONER. *Page 4 
 {¶ 6} Gail asserts in her first assignment of error that the trial court erred in granting a civil stalking protection order against her based on the evidence presented at the hearing. Specifically, she states that the findings of the trial court are against the weight of the evidence, not supported by a preponderance of the evidence and completely unsupported by the record.
 {¶ 7} An appellate court shall review a trial court's decision to grant a civil protection order with an abuse of discretion standard or review. Kramer v. Kramer, Seneca App. No. 13-02-03, 2002-Ohio-4383. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426.
 {¶ 8} R.C. 2903.214 governs the issuance of a civil stalking protection order. R.C. 2903.214(C)(1) provides that a person may seek civil relief against an alleged stalker by filing a petition containing "[a]n allegation that the respondent engaged in a violation of section2903.211 of the Revised Code against the person to be protected by the protection order * * *, including a description of the nature and extent of the violation." Thus, in order to obtain a civil stalking protection order, Appellee must establish by a preponderance of the evidence, that Appellant *Page 5 
engaged in a violation of R.C. 2903.211, the menacing by stalking statute, against her. Kramer, supra, at ¶ 14.
 {¶ 9} R.C. 2903.211(A)(1), Ohio's menacing by stalking statute, provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." A pattern of conduct is defined as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." R.C.2903.211(D)(1). Additionally, one incident is not sufficient to establish a "pattern of conduct." Kramer, supra, at ¶ 15, citingState v. Scruggs (2000), 136 Ohio App.3d 631, 737 N.E.2d 574.
 {¶ 10} In this case, the trial court found that Gail had threatened Dewey with bodily harm, had caused mental distress, or had been convicted of or plead guilty to a violation of section 2903.211 of the Revised Code against the protected persons named in the order. Upon review of the record, we find that there is sufficient evidence to establish by a preponderance that Gail knowingly caused Dewey to believe that she was threatening him with bodily harm. Furthermore, due to the testimony it is apparent that there is competent, credible evidence supporting the trial court's decision and we are unable to find that the issuing of *Page 6 
the civil stalking protection order was unreasonable pursuant to R.C.2903.211 and R.C. 2903.214. Accordingly, Gail's first assignment of error is overruled.
 {¶ 11} In her second assignment of error, Gail alleges that the trial court erred in granting the order of protection against Gail in favor of "workers building a house at 515 Fountain Street, Marion, Ohio" when those workers are not family or household members of Dewey.
 {¶ 12} Pursuant to R.C. 2903.214,
 (E)(1) After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member. * * *
 {¶ 13} In this case, the trial court ordered in the Civil Stalking Protection Order filed on September 5, 2006 that the following provisions apply to the respondent, Gail:
 1. Respondent shall not abuse the protected persons, named in this Order by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, or forcing sexual relations on them. * * *
 2. Respondent shall not enter the residence, school, business, place of employment, or day care centers of the protected persons named in this order, including the buildings, grounds, and parking lots at those locations. * * *
 5. Respondent shall stay away from protected persons named in this order, and shall not be present within 100 feet (distance) of protected persons, wherever protected persons may be found, or *Page 7 any place the Respondent knows or should know the protected persons are likely to be, even with protected persons' permission. * * *
 7. Respondent shall not initiate or have any contact with the protected persons named in this order at their residence, businesses, places of employment, schools, day care centers, or babysitters. Contact includes, but is not limited to, telephone, fax, e-mail, voice mail, delivery service, writings, or communications by any other means in person or through another person.
 8. Respondent shall not cause or encourage any other person to do any act prohibited by this order. * * *
 10. It is further ordered: Respondent-defendant shall have no contact or communication with workers building a house at 515 Fountain Street, Marion, Ohio.
(Emphasis added.) Although, it is true that a civil stalking protection order cannot name individuals other than the petitioner and his family or household members, a civil stalking protection order can state that the respondent shall not enter the residence of the petitioner, including the buildings, grounds and parking lots that are owned by the petitioner. This would include the property owned by Dewey on which the workers are building a house at 515 Fountain Street, Marion, Ohio. Furthermore, the order states that Gail shall not initiate or have any contact with the protected persons named in this order at their residence including contact through the means of another person. The trial court, in this case, is providing an extra clause to further emphasize that Gail is to have no contact or communication with any individual on the property owned by Dewey including the workers who are building his new residence. *Page 8 
 {¶ 14} Upon review of the record and the Civil Stalking Protection Order filed on September 5, 2006, we find that the trial court did not err in granting an order of protection to Dewey and ordering that Gail have no contact or communication with any individuals on the property owned by Dewey. Although, it is true that the workers are not named in the civil stalking protection order, the trial court was simply emphasizing in its civil stalking protection order that when the workers are on the property owned by Dewey, Gail is not to initiate or have any contact with them as a means of contacting Dewey. Accordingly, the trial court did not abuse its discretion in granting an order of protection against Gail in favor of Dewey and the individuals on his property. Accordingly, Gail's second assignment of error is overruled.
 {¶ 15} Based on the foregoing, Gail's assignments of error are overruled and the September 5, 2006 Order of Protection of the Court of Common Pleas in Marion County, Ohio granting Dewey, a civil stalking protection order against Gail pursuant to R.C. 2903.214 is affirmed.
Judgment affirmed. PRESTON, J., concurs.
 WILLAMOWSKI, J., concurs in part and dissents in part. *Page 9