DECISION AND JUDGMENT ENTRY
{¶ 1} Paul Seaman ("Appellant") appeals the judgment of the Ross County Court of Common Pleas issuing a civil stalking protection order ("CSPO") against him pursuant to R.C. 2903.214. He contends the trial court issued the order without sufficient evidence to support the allegations set forth in Kathy Park's ("Appellee") petition regarding a pattern of conduct as defined in R.C. 2903.211(D)(1). Because we find the allegations as set forth in the petition establish a pattern of conduct as defined in the aforementioned section, we affirm the judgment of the trial court entering an order of protection. *Page 2 
 I. Facts {¶ 2} One evening in October 2006, M.P., a female minor child, spent the night at her friend L.P.'s home. L.P. was also a female minor child. M.P. arrived at L.P.'s house following a cross-country meet and a visit to the Circleville Pumpkin show. At that point, she, L.P., and Cindy Pence, L.P.'s mother, were present at the residence. M.P. testified that the three "had a movie night." M.P. fell asleep in a chair in the living room, and Cindy likewise fell asleep on the couch. L.P. went into the bathroom to take a shower. Soon thereafter, M.P. woke up with the blanket that had been covering her off of her body and the Appellant, who had entered the residence in the meantime, rubbing her leg. The Appellant asked M.P. if she was cold and she told him "no." She covered her body back up with the blanket and went back to sleep.
 {¶ 3} Some time later, M.P. woke up a second time and the Appellant was rubbing her leg "further down." She testified that this made her feel uncomfortable; she did not know what to do. Following this second advance, she testified:
 "He then walked into the kitchen area and he had his hand down his pants and he was licking his lip and I put my sweat pants on cause I didn't have — I didn't know what to do. I was kind of frozen. My mind was everywhere. And he then walked back over to me and he's — was rubbing my face and twisting my hair around and — just felt uncomfortable[.]" *Page 3 
Cindy, L.P.'s mother, remained asleep on the couch several feet away throughout both encounters.
 {¶ 4} M.P. ended up spending the night at the residence. She testified that she didn't call her mother to tell her what had happened the night of the incident because she "didn't know what to do." She relayed the events in question to her mother the next day immediately when she picked M.P. up.
 {¶ 5} On at least three or four occasions following her overnight stay at L.P.'s residence, M.P. saw the Appellant at school basketball games. She testified that the Appellant stared at her during the games. She testified that she felt like the Appellant was intimidating her. Additionally, she testified that based on all of her contact with the Appellant, that she is very scared of him and that she believes he may physically harm her.
 {¶ 6} The Appellee, who is M.P.'s mother, caused a petition for a CSPO to be filed in the Ross County Court of Common Pleas on February 21, 2007. The Appellee's affidavit in support of the petition indicates that the filing was in response to the dismissal of criminal charges against the Appellant, which were based upon the events that allegedly occurred during M.P.'s overnight stay with L.P. in October 2006. The trial court issued an ex parte CSPO on the date of filing, and scheduled an evidentiary hearing which took place April 6, 2007. At the end of the hearing, the trial court *Page 4 
stated its findings of fact and legal conclusions. In those findings, it rejected allegations that the Appellant's attendance at school sporting events gave rise to a "pattern of conduct" as defined in R.C.2903.211(D)(1). The trial court felt differently, however, about the events that transpired on the evening of M.P.'s overnight stay at L.P.'s residence:
 "In the October * * * incident there was — a taking off of a blanket, rubbing of a leg, and then there was another incident, and then there was a separate incident involving — Mr. Seaman standing in a doorway licking his lips and touching himself — inappropriately I believe was the testimony. Those were all separated by time. Those are sufficient to establish a pattern of conduct."
 {¶ 7} In light of these findings, the trial court determined that the Appellant engaged in a pattern of conduct that knowingly caused M.P. to believe he would cause her physical harm, and issued a CSPO effective until M.P. `s graduation from high school. The Appellant now appeals from the issuance of this order, asserting the following assignment of error:
 II. Assignment of Error {¶ 8} 1. THE TRIAL COURT ISSUED A CIVIL STALKING PROTECTION ORDER UNDER 2903.214 R.C. WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE ALLEGATIONS SET FORTH IN THE PETITION REGARDING A PATTERN OF CONDUCT ON THE PART OF THE RESPONDENT AS DEFINED IN 2902.211(D)(1). *Page 5 
 III. Legal Analysis {¶ 9} The decision to grant a CSPO is left to a trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. Smith v. Wunsch (2005), 162 Ohio App.3d 21, 25,832 N.E.2d 757. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When reviewing a matter under the abuse-of-discretion standard, appellate courts must not substitute their judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason, but instead passion or bias. Wunsch, supra, at 26. Moreover, we note that if competent, credible evidence supports a trial court's judgment in a civil case, a reviewing court will not reverse the judgment as being legally insufficient. See generally, In reMilella (Jun. 29, 2001), Ross App. No. 01CA2593, 2001-Ohio-2516, at *5;Williams v. McDougal (May 16, 2001), Gallia App. No. 00CA14,2001 WL 694591, at *2. *Page 6 
 {¶ 10} A petitioner is entitled to a CSPO if he or she alleges and proves that a respondent harassed her in such a way as to violate Ohio's "menacing by stalking" statute. See R.C. 2903.214(C)(1). This statute prohibits engaging in a pattern of conduct that knowingly causes another person to believe he or she may be in physical harm or causes mental distress to another person. R.C. 2903.211(A)(1). A "pattern of conduct" means two or more actions closely related in time, and "mental distress" means any mental illness or condition that involves "some temporary substantial incapacity" or any mental illness or condition that normally requires "psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.211(D)(1) and (2)(a) and (b).
 {¶ 11} The Appellant argues that the trial court erred by issuing the CSPO because insufficient evidence exists to show that he engaged in a pattern of conduct that knowingly caused the Appellee's daughter to believe the Appellant would cause her physical harm. We disagree. A pattern of conduct requires only two or more actions closely related in time. R.C. 2903.211(D)(1). R.C. 2903.211 does not require that the pattern of conduct be proven by events from at least two different days; a pattern of conduct *Page 7 
can arise out of two or more events occurring on the same day, provided that there was a sufficient interval between them. State v. Scruggs
(2000), 136 Ohio App.3d 631, 634, 737 N.E.2d 574.
 {¶ 12} As set forth in detail supra, on two occasions, separated by periods of time, on the same evening, the Appellant inappropriately touched M.P.'s legs. He also followed these acts by licking his lips and touching himself inappropriately while looking at M.P. Despite the fact that the events in question occurred on the same date, they were separated by time, and as such, are sufficient to establish a pattern of conduct under R.C. 2903.211(D)(1).
 {¶ 13} In our view, competent, credible evidence supports the trial court's determination that the Appellant engaged in a pattern of conduct that knowingly caused M.P. to believe he would cause her physical harm. As such, the trial court did not abuse its discretion when it issued the CSPO against him. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1