DECISION AND JUDGMENT ENTRY
{¶ 1} Paul Seaman ("Appellant") appeals the judgment of the Ross County Court of Common Pleas issuing a civil stalking protection order ("CSPO") against him pursuant to R.C. 2903.214. He contends the trial court issued the order without sufficient evidence to support the allegations set forth in Christine Hosley's ("Appellee") petition regarding a pattern of conduct as defined in R.C. 2903.211(D)(1). Because we find the allegations as set forth in the petition establish a pattern of conduct as defined in the aforementioned section, we affirm the judgment of the trial court entering an order of protection. *Page 2 
 I. Facts {¶ 2} One evening in November 2006, A.H., a female minor child, had an overnight visit with her friend and schoolmate, L.P., also a female minor child. The Appellant, who was the boyfriend of L.P.'s mother, was present in L.P.'s home that night. A.H. had spent overnight visits with L.P. since she was nine or ten years old. The Appellant had been involved with L.P.'s mother throughout this time period, but had never touched A.H. in a manner that made her uncomfortable.
 {¶ 3} On the evening in question, A.H. chatted with friends on MySpace in L.P.'s computer room, while L.P. watched television down the hall in the living room. While A.H. was on the computer, the Appellant entered the computer room and began massaging her shoulders under her shirt and then moved his hands close to her breast area, and then to her stomach. She testified that he she was scared when he did this, so she just sat there and did not say anything, because she "didn't know what to do." After the Appellant touched her in this manner, he left the room. A.H. continued talking to her friends online.
 {¶ 4} After a period of time, the Appellant re-entered the computer room and touched her again in the same manner. Again, following the contact, he left the room for a period of time. He returned to the computer *Page 3 
room again thereafter and initiated the same contact, for a total of three encounters. The last time he exited the room, he said to A.H., "I hope you come back soon."
 {¶ 5} Later that evening, A.H. told L.P. about the Appellant's unwanted advances, and L.P. told her that she shouldn't say anything, because she'd never be able to come back to L.P.'s residence again. A.H. testified that she did not alert her mother, the Appellee, to what had transpired until approximately two to three weeks later, because she was scared to tell her what had happened.
 {¶ 6} On a couple occasions following her overnight stay at L.P.'s residence, A.H. saw the Appellant at school basketball games. She testified that the Appellant sat directly behind her at one game, which made her extremely uncomfortable. Additionally, she testified that based on all of her contact with the Appellant, that she is very uncomfortable around him and does not want him anywhere near her.
 {¶ 7} The Appellee, who is A.H.'s mother, caused a petition for a CSPO to be filed in the Ross County Court of Common Pleas on February 21, 2007. The Appellee's affidavit in support of the petition indicates that the filing was in response to the dismissal of criminal charges against the Appellant, which were based upon the events that allegedly occurred during *Page 4 
A.H.'s overnight stay with L.P. in November 2006. The trial court issued an ex parte CSPO on the date of filing, and scheduled an evidentiary hearing which took place April 6, 2007. At the end of the hearing, the trial court stated its findings of fact and legal conclusions. In those findings, it rejected allegations that the Appellant's attendance at school sporting events gave rise to a "pattern of conduct" as defined in R.C. 2903.211(D)(1). The trial court felt differently, however, about the events that transpired on the evening of A.H.'s overnight stay at L.P.'s residence:
 "Regarding [A.H.] — her testimony was that Mr. Seaman massaged her, left, massaged her, left, massaged her. Those are three separate incidents."
 {¶ 8} In light of these findings, the trial court determined that the Appellant engaged in a pattern of conduct that knowingly caused A.H. to believe he would cause her physical harm, and issued a CSPO effective until AH. `s graduation from high school. The Appellant now appeals from the issuance of this order, asserting the following assignment of error:
 II. Assignment of Error {¶ 9} 1. THE TRIAL COURT ISSUED A CIVIL STALKING PROTECTION ORDER UNDER 2903.214 R.C. WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE ALLEGATIONS SET FORTH IN THE PETITION REGARDING A PATTERN OF CONDUCT ON THE PART OF THE RESPONDENT AS DEFINED IN 2902.211(D)(1). *Page 5 
 III. Legal Analysis {¶ 10} The decision to grant a CSPO is left to a trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. Smith v. Wunsch (2005), 162 Ohio App.3d 21, 25,832 N.E.2d 757. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When reviewing a matter under the abuse-of-discretion standard, appellate courts must not substitute their judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason, but instead passion or bias. Wunsch, supra, at 26. Moreover, we note that if competent, credible evidence supports a trial court's judgment in a civil case, a reviewing court will not reverse the judgment as being legally insufficient. See generally, In reMilella (Jun. 29, 2001), Ross App. No. 01CA2593, 2001-Ohio-2516, at *5;Williams v. McDougal (May 16, 2001), Gallia App. No. 00CA14,2001 WL 694591, at *2. *Page 6 
 {¶ 11} A petitioner is entitled to a CSPO if he or she alleges and proves that a respondent harassed her in such a way as to violate Ohio's "menacing by stalking" statute. See R.C. 2903.214(C)(1). This statute prohibits engaging in a pattern of conduct that knowingly causes another person to believe he or she may be in physical harm or causes mental distress to another person. R.C. 2903.211(A)(1). A "pattern of conduct" means two or more actions closely related in time, and "mental distress" means any mental illness or condition that involves "some temporary substantial incapacity" or any mental illness or condition that normally requires "psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.211(D)(1) and (2)(a) and (b).
 {¶ 12} The Appellant argues that the trial court erred by issuing the CSPO because insufficient evidence exists to show that he engaged in a pattern of conduct that knowingly caused the Appellee's daughter to believe the Appellant would cause her physical harm. We disagree. A pattern of conduct requires only two or more actions closely related in time. R.C. 2903.211(D)(1). R.C. 2903.211 does not require that the pattern of conduct be proven by events from at least two different days; a pattern of conduct *Page 7 
can arise out of two or more events occurring on the same day, provided that there was a sufficient interval between them. State v. Scruggs
(2000), 136 Ohio App.3d 631, 634, 737 N.E.2d 574.
 {¶ 13} As set forth in detail supra, on three occasions, separated by periods of time, on the same evening, the Appellant inappropriately massaged A.H.'s shoulders and torso underneath her shirt. Despite the fact that the events in question occurred on the same date, they were separated by time, and as such, are sufficient to establish a pattern of conduct under R.C. 2903.211(D)(1).
 {¶ 14} In our view, competent, credible evidence supports the trial court's determination that the Appellant engaged in a pattern of conduct that knowingly caused A.H. to believe he would cause her physical harm. As such, the trial court did not abuse its discretion when it issued the CSPO against him. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1