[Cite as *Liles v. Keith*, 2009-Ohio-6874.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STACEY J. LILES,

    PETITIONER-APPELLEE,             CASE NO.  2-09-22

    v.

JAMES P. KEITH, II,               O P I N I O N

    RESPONDENT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2009 CV 210**

**Judgment Affirmed**

**Date of Decision:    December 28, 2009**

APPEARANCES:

    *John C. Huffman*  for Appellant

    *Stacey Liles,* Appellee

**SHAW, J.**

{¶1} The respondent-appellant, James P. Keith, II, appeals the June 26, 2009, judgment of the Common Pleas Court of Auglaize County, Ohio, granting the request of petitioner-appellee, Stacey Liles, for a stalking civil protection order ("CPO").

{¶2} The facts of this case are as follows. On June 12, 2009, Liles filed a petition for a stalking civil protection order against Keith, her former boyfriend. In her petition, Liles alleged that Keith engaged in numerous acts against her that made her fear for her safety. On June 16, 2009, the trial court held an ex parte hearing on Liles' petition but denied her request for an emergency order. However, the court set the matter for a full hearing on June 26, 2009, to determine whether to issue a permanent order of protection.

{¶3} On June 26, 2009, the trial court held the hearing. Liles testified in support of her petition. During her testimony, Liles testified that on multiple occasions, spanning from January 8, 2009, until June of 2009, Keith had driven past her, shouting and raising his middle finger to her. On one such occasion, in April of 2009, Liles testified that Keith was driving behind her on Breese Road when he raised his middle finger to her and began moving closer to her vehicle. She testified that at this time she "was afraid he was going to rear end me. My boys were in there asking me if he was going to rear end us. They were scared."

(Hrg., 6/26/09, p. 11.) On another occasion, in January of 2009, she testified that she saw Keith at the Taco Bell drive-thru on Shawnee Road in Lima and that she left the restaurant. She further testified that as she was driving down Ft. Amanda Road and approached a stop light, she testified that Keith drove into the turn lane, "looked over at all of us, pointing his finger up like a gun like he was going to shoot us all. Then he squealed his tires and took off." (id.) On yet another occasion, in March of 2009, she testified that Keith was passing her in his vehicle on State Route 65 when he swerved towards her vehicle. Although he did not actually enter her lane of travel, Liles stated that she felt threatened. She further testified that she simply wanted Keith to act like he did not know her if they happened to encounter one another so that she did not have to feel threatened by him making hand gestures towards her.

{¶4} After Liles testimony, Keith testified on his own behalf and denied making any gestures towards Liles or driving his vehicle in any way as she described. Keith's son also testified for his father. His testimony related to one incident in June where Liles had testified that Keith stopped his vehicle in front of hers in Cridersville, Ohio, raised his middle finger to her, and appeared to be shouting at her although she could not hear what he was saying. Keith's son stated that he recalled seeing Liles at a stop sign in Cridersville when he was a passenger

in his father's vehicle but that the only thing his father did was wave at Liles and state under his breath, "Hi, Stacey."

{¶5} At the conclusion of the hearing, the trial court stated that it chose to believe Liles' testimony. Consequently, the court granted her petition for a CPO. This appeal followed, and Keith now asserts two assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO APPLY THE CORRECT LEGAL STANDARD FOR WHETHER A CIVIL STALKING PROTECTION ORDER SHOULD BE ISSUED.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT'S DECISION TO GRANT A CIVIL STALKING PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶6} As Keith's assignments of error are related, we elect to address them together. When reviewing a trial court's decision to grant a civil protection order, we will not reverse such a decision absent an abuse of discretion. *Kramer v. Kramer*, 3rd Dist. No. 13-02-03, 2002-Ohio-4383. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Further, if there is some competent, credible evidence to support the trial court's decision, there is no abuse of

discretion. *Ross v. Ross* (1980), 64 Ohio St.2d 203, 414 N.E.2d 426; see also, *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578.

{¶7} Revised Code section 2903.214 governs the issuance of a civil stalking protection order. This section provides that a person may seek civil relief against an alleged stalker by filing a petition containing "[a]n allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order * * *, including a description of the nature and extent of the violation." R.C. 2903.214(C)(1). Thus, in order to obtain a civil stalking protection order, Liles had to establish by a preponderance of the evidence, that Keith engaged in a violation of R.C. 2903.211, the menacing by stalking statute, against her. *Kramer*, supra, at ¶ 14.

{¶8} Revised Code section 2903.211(A)(1), Ohio's menacing by stalking statute, provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." A pattern of conduct is defined as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." R.C. 2903.211(D)(1). Additionally, one incident is not sufficient to establish a "pattern of conduct." *Kramer*, supra, at ¶ 15, citing *State v. Scruggs* (2000), 136 Ohio App.3d 631, 737 N.E.2d 574.

**{¶9}** In this case, Keith correctly contends that the trial court could not merely rely upon the fact that Liles filed the petition as a basis for granting the order. However, the court did not rely merely upon the filing of the petition. It relied upon the statements that she made in court as well, which it was entitled to do. Specifically, the court stated that it had considered the testimony of the parties and that it simply came to a question of who to believe. The court then decided to believe Liles.

**{¶10}** Keith contends that instead of properly considering the evidence, the trial court seemed to improperly base its decision merely by reasoning that Liles would not have filed the petition if the allegations were not true. Keith points to the following statement of the trial court from the bench prior to announcing its decision: "Court just finds it unlikely that someone would go to the extent of filing such a thing and making the allegations that are made if they aren't true, especially when that proceeding has been done in the past." (Hrg., 6/26/09, p. 55.)

**{¶11}** While it is somewhat unclear exactly what the trial court meant by this remark, we do not believe that it reflects the basis of the trial court's decision in light of the ample evidence in the record supporting the decision – and particularly in view of the trial court's explicit reference to weighing the testimony of Liles and Keith and finding Liles' testimony more credible.

{¶12} In sum, given the testimony of Liles, which the court, having been able to examine all the witnesses and their respective demeanors, was within its prerogative as the trier of fact to believe, the trial court did not err in granting the CPO. As noted, Liles testified to numerous incidences wherein Keith raised his middle finger to her and appeared to be yelling something to her. Further, she testified as to two different incidences where she actually felt threatened. These incidences involved Keith driving his vehicle in a manner that caused her to fear that his moving vehicle would collide with hers. In addition, she testified that she felt threatened by his hand gestures and described an incident where he used his fingers to form the shape of a gun, which he pointed at her. Thus, the trial court had some competent, credible evidence that Keith, while engaging in two or more actions or incidents closely related in time, knowingly caused Liles to believe that Keith would cause physical harm to her. Accordingly, Keith's two assignments of error are overruled.

{¶13} For these reasons, the judgment of the Common Pleas Court of Auglaize County, Ohio, is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**